**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ROMAN HELLEMS, # 15580-030,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-cv-1013-NJR** |
| | ) | |
| **T.G. WERLICH, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Roman Hellems is an inmate in the Bureau of Prisons currently incarcerated at FCI-Greenville. He filed a *pro se* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in September 2019. (Doc. 1). His Amended Petition (Doc. 4) is now before the Court. Hellems invokes *Rehaif v. United States*, __ U.S. __, 139 S. Ct. 2191 (2019), as the basis for his collateral attack and request for immediate release. Respondent answered the Petition (Doc. 15), and Hellems replied (Doc. 18).

Hellems was convicted by a jury of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 15-2); *United States v. Hellems*, No. 15-cr-00141-JAJ (S.D. Iowa). He is serving a 120-month sentence imposed in May 2016. (Doc. 15, p. 5; Doc. 15-6).

### RELEVANT FACTS AND PROCEDURAL HISTORY

In October 2015, Hellems was charged by indictment with possession of two firearms after having been convicted of a crime punishable by imprisonment for more than one year. (Doc. 15-2). The indictment did not specifically allege that Hellems knew he was a convicted felon at the time he possessed the guns. Hellems represented himself at trial with the assistance of appointed

1

standby counsel.[1] Hellems declined to stipulate to the fact that he had a prior felony conviction, so the Government presented evidence that he had an Iowa state drug conviction, as well as a previous Iowa conviction for receipt/control of firearms by a felon, both of which were punishable by more than one year in prison. *United States v. Hellems*, 866 F.3d 856, 860-61 (8th Cir. 2017). The trial court redacted the actual sentences imposed on those offenses. (Doc. 15, p. 3; Doc. 15-5, pp. 5-8). The jury found Hellems guilty of possessing one of the firearms. (Doc. 15-3).

The Presentence Investigation Report ("PSR") showed that Hellems had served well over one year in prison for three of his prior felony offenses. (Doc. 17-1, pp. 9-11, 14, ¶¶ 34, 37, 46). For his state felon-in-possession conviction in 1993, Hellems's 5-year sentence was initially suspended and he was placed on probation, but he served over 3 years in prison after probation was revoked and another 2 years following revocation of his parole. (Doc. 17-1, p. 9, ¶ 34). He was sentenced to 10 years' imprisonment for delivery/possession of cocaine base, serving nearly 3 years before his work release (concurrent with the 3 years above) and another 2 years after his parole was revoked (concurrent with the 2-year parole revocation term above). (Doc. 17-1, p. 10, ¶ 37). He served about 14 months of a 36-month sentence for a 2007 California domestic battery offense. (Doc. 17-1, p. 14, ¶ 46).

Hellems's 120-month federal sentence was affirmed on appeal in August 2017. *United States v. Hellems*, 866 F.3d 856 (8th Cir. 2017). He filed an unsuccessful motion under 28 U.S.C. § 2255 and did not appeal the trial court's February 14, 2019 denial. *Hellems v. United States*, Noe. 18-cv-294-JAJ (N.D. Iowa).

---

[1] Hellems was not present in the courtroom for the trial as the court ordered him removed when he refused to cease his verbal interruptions during *voir dire*; he thereafter declined offers to view the trial on closed circuit television or to return to the courtroom. *United States v. Hellems*, 866 F.3d 856, 860 (8th Cir. 2017); (Doc. 144-1, pp. 3-4, criminal case).

## APPLICABLE LEGAL STANDARDS

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is also normally limited to only *one* challenge of his conviction and sentence under Section 2255. He or she may not file a "second or successive" Section 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

Under very limited circumstances, however, it is possible for a prisoner to challenge his federal conviction or sentence under Section 2241. Specifically, 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill v. Kerlinger*, 695 F.3d 644, 648 (7th Cir. 2012) ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002); *see also United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002). The Seventh Circuit

3

construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." [2]

Following *Davenport* and its progeny, the Seventh Circuit has enunciated a three-part test for determining whether Section 2255 is inadequate or ineffective, thus triggering the savings clause:

> (1) the federal prisoner must seek relief based on a decision of statutory interpretation (as opposed to a decision of constitutional interpretation, which the inmate could raise in a second or successive § 2255 motion);
>
> (2) the statutory rule of law in question must apply retroactively to cases on collateral review *and* could not have been invoked in a first § 2255 motion; and
>
> (3) a failure to afford the prisoner collateral relief would amount to an error "grave enough" to constitute "a miscarriage of justice."

*Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020) (emphasis in original) (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)). *See also Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019); *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). Thus, "there must be some kind of structural problem with section 2255 before section 2241 becomes available. In other words, something more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

---

[2] The Seventh Circuit's interpretation of § 2255(e)'s savings clause is in line with a majority of the Circuit Courts of Appeals' jurisprudence on this issue, and aligns with that of the Eighth Circuit where Hellems was convicted. *See, e.g.*, *Abdullah v. Hedrick*, 392 F.3d 957, 960-63 (8th Cir. 2004); *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997); *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997); *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000); *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003); *Ivy v. Pontesso*, 328 F.3d 1057, 1059-60 (9th Cir. 2003); *see also Wright v. Spaulding*, 939 F.3d 695, 699 (6th Cir. 2019) (collecting cases).

ANALYSIS

On June 21, 2019, United States Supreme Court held in *Rehaif*:

> [I]n a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm. We express no view, however, about what precisely the Government must prove to establish a defendant's knowledge of status in respect to other § 922(g) provisions not at issue here.

*Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (defendant's conviction for illegal possession of firearm and ammunition was based on his status of being illegally or unlawfully in the United States; reversing/remanding because the Government had not been required to prove at trial that defendant knew he was unlawfully in the country). The opinion abrogated nationwide precedent in all eleven circuit courts of appeal which had held that knowledge was not an element that the prosecution must prove to obtain a conviction.

Hellems asserts in the Amended Petition that his "criminal liability remains, unresolved" in light of *Rehaif*. (Doc. 4, pp. 1-2). He insists that he is not seeking to vacate his conviction and sentence, but instead seeks a "settlement conference" with the United States Department of Justice and other federal officials to secure his immediate release, invoking several sections of the Code of Federal Regulations. (Doc. 4, pp. 2-3; Doc. 4-1, pp. 1-2); *see* 28 C.F.R. § 0.55(e) & § 0.55(i). He appears to argue that his indictment failed to state an offense because it did not include the element that he knew he "belonged to the relevant status, that barred him from possessing a firearm," thus his custody is unlawful. (Doc. 4, p. 2). Hellems also argues for the first time in his Reply that a defendant's knowledge of his felon status can only be proven with ATF Form 4473 or Form 6, and these "necessary" forms were "unlawfully withheld from the Grand Jury" in his case. (Doc. 18, p. 8).

Hellems's premise that his criminal liability is "unresolved" is flawed, however, the jury

5

found him to be criminally liable when it returned the guilty verdict, and this conviction still stands unless and until a court rules otherwise. The *Rehaif* decision itself did not undo Hellems's conviction or render his criminal liability "unresolved." Hellems invokes Section 2241 to challenge the basis of his custody, which amounts to a direct attack on his conviction despite his insistence that it is not. As such, the Court will evaluate his habeas claim under 28 U.S.C. § 2241 and the savings clause of 28 U.S.C. § 2255(e).

Respondent concedes that Hellems's *Rehaif* claim satisfies the first and second prongs of the savings clause test – *Rehaif* is a statutory interpretation case, and it sets forth a new substantive rule narrowing the scope of Section 922(g), which applies retroactively. (Doc. 15, pp. 17-18). Further, this new substantive rule was previously unavailable to Hellems, because it would have been futile to raise his claim in the Eighth Circuit under pre-*Rehaif* precedent. *Id.* However, Respondent asserts Hellems cannot meet the third *Davenport* factor – a showing that an error in his conviction amounts to a miscarriage of justice – because he was not convicted of a crime of which he was innocent. (Doc. 15, pp. 19-24). [3]

It is true that Hellems's indictment did not allege that he knew he was a convicted felon at the time he possessed the firearms. This was consistent with the pre-*Rehaif* controlling precedent at the time in the Eighth Circuit. *See United States v. Thomas*, 615 F.3d 95, 899 (8th Cir. 2010) (government was not required to prove that Section 922(g) defendant knew of his disabling status); *United States v. Kind*, 194 F.3d 900, 907 (8th Cir. 1999) (same). Cases following the *Rehaif* decision make clear, however, that this Court can and should consider certain other evidence in the record to determine whether it establishes the knowledge element set forth in *Rehaif* and if so,

---

[3] Respondent also raises the argument, in order to preserve it, that an inmate who previously challenged his conviction under 28 U.S.C. § 2255 is barred from using the "savings clause" to raise a later challenge under Section 2241. (Doc. 15, pp. 8-16). The Court finds it unnecessary to address the merits of this argument because, as Respondent acknowledges, it is contrary to controlling Seventh Circuit precedent. *Id.* at 16.

the conviction will stand even where the knowledge element was omitted from the indictment or even the jury instructions. *See, e.g., United States v. Pulliam*, _ F.3d _, No. 19-2162, 2020 WL 5247590, at *3 (7th Cir. Sept. 3, 2020); *United States v. Maez*, 960 F.3d 949 (7th Cir. 2020); *United States v. Williams*, 946 F.3d 968, 973-74 (7th Cir. 2020). *See also Bousley v. United States*, 523 U.S. 614 (1998).

In this case, the jury heard sufficient evidence to support a finding, if they had been instructed pursuant to *Rehaif*, that Hellems knew he had a previous felony conviction at the time he possessed the firearm. The jury heard testimony on and received the certified records of two of Hellems's previous felony convictions, with the specific sentence information redacted. (Doc. 15-5, pp. 4-8). One of these was his state conviction for "receipt, transportation, dominion and control of firearms and offensive weapons *by a felon*" (emphasis added) – which alone demonstrates that Hellems knew of his status as a felon before he was charged with the instant felon-in-possession offense. (Doc 15-5, pp. 7-8). His felony conviction for delivery of a controlled substance and/or possession of a controlled substance with intent to deliver further established the knowledge element now required by *Rehaif*.

The Seventh Circuit, on direct review of a felon-in-possession conviction for plain error where the pre-*Rehaif* jury instructions did not include the knowledge element, examined "whether the evidence presented to the jury permits an inference beyond a reasonable doubt that [the defendant] knew he had committed a felony." *United States v. Maez*, 960 F.3d 949, 967 (7th Cir. 2020). The *Maez* court found that the defendant's stipulation to a prior felony conviction, combined with the evidence of his evasive behavior and false statements at the time of his arrest, were sufficient to permit the jury to infer he knew of his felon status, had they been instructed to do so. Further, the fact that the defendant's PSR showed he had multiple prior felony convictions,

including one for unlawful possession of a weapon by a felon, and had served more than one year in prison, underscored that he knew he was a felon when he possessed the firearms. *Maez*, 960 F.3d at 968.

In Hellems's case, the jury heard that he got into a fight with his adult son and another man; the son and another witness testified that Hellems had guns on his person; and when police arrived they saw a gun on the ground next to a Ford Explorer. Hellems fled the scene in the Explorer and led officers on a chase, during which he flung an object (which an officer testified was a black handgun) out the car window, before he was ultimately arrested. *Hellems*, 866 F.3d 856, 860 (8th Cir. 2017). As in *Maez*, this evidence of Hellems's actions leading up to his arrest, coupled with his prior felony convictions, would have supported an inference by the jury that he knew he was a convicted felon. In addition, Hellems's PSR established that he served well over one year in prison on three separate occasions. (Doc. 17-1, pp. 9-11, 14). Taken together, this record demonstrates that Hellems knew he was a convicted felon at the time he possessed the firearm. *See Pulliam*, 2020 WL 5247590, at *3-4; *Maez*, 960 F.3d at 967-68 (considering PSR record of prior incarceration, stipulation of felony conviction, and evidence supporting inference of defendant's knowledge of felon status to conclude plain error of omitted *Rehaif* instruction did not warrant reversal of conviction). *See also United States v. Welch*, 951 F.3d 901, 907 (8th Cir. 2020) (in light of prior convictions and incarceration exceeding one year, defendant could not show reasonable probability of a different outcome if government had been required to prove he knew he was a convicted felon at the time he possessed firearm).

While *Maez*, *Pulliam*, and *Welch* involved direct appeals from jury verdicts for plain error, the courts' reasoning is applicable in the context of a collateral attack. In order to reverse based on the *Rehaif* claim, the plain error must have affected the defendant's substantial rights, and must

"seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." *Pulliam*, 2020 WL 5247590, at \*4 (quoting *Johnson v. United States*, 520 U.S. 461, 467 (1997)). The court compared that final element to "a 'miscarriage of justice,' or in other words, 'a substantial risk of convicting an innocent person.'" *Pulliam*, 2020 WL 5247590, at \*4 (quoting *Maez*, 960 F.3d at 962). That, of course, is equivalent to the third element which Hellems must satisfy in order to obtain collateral relief under the savings clause.

Given his prior convictions, one of which was for a state offense of possession of a firearm as a felon, his evasive conduct before his arrest, and his multiple terms of incarceration in excess of one year, the Court is satisfied that Hellems knew he was a convicted felon when he possessed the gun in the instant case. He therefore cannot demonstrate that the omission of the *Rehaif* knowledge element from his indictment and jury instructions resulted in his being convicted of a nonexistent offense, or of a crime of which he was innocent. There was no miscarriage of justice in this case, and Hellems is not entitled to habeas relief under Section 2241 based on the *Rehaif* decision.

Finally, because Hellems did not raise his argument relating to the ATF forms in his Habeas Petition and waited to present them until he filed his reply brief, the Court is not required to consider them. *See Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009) ("the district court is entitled to find that an argument raised for the first time in a reply brief is forfeited"). The argument lacks merit in any event. The ATF Form 4473 is a document completed by a firearms dealer and the prospective purchaser to record information about the buyer's ability to legally possess the firearm, as well as information on the buyer and the firearm to facilitate tracing if the gun is involved in a crime. A gun dealer may be subject to sanctions for transferring a firearm based on information in Form 4473 that the dealer knows or has reason to believe is false. *See Shawano*

*Gun & Loan, LLC v. Hughes*, 650 F.3d 1070, 1073 (7th Cir. 2011). ATF Form 6 is the Application and Permit for Importation of Firearms, Ammunition and Implements of War. Neither of these ATF forms is mentioned in the *Rehaif* decision. *Rehaif* and cases applying it leave no doubt that a person's status as a convicted felon may be proven by evidence other than what might appear on one of these ATF forms.

DISPOSITION

Roman Hellems' Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 4) is **DENIED**, and this action is **DISMISSED** with prejudice. His Motion for Immediate Settlement Conference (Doc. 19) and all other pending motions are **DENIED as moot**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Hellems wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Hellems plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Hellems does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Hellems to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:  September 30, 2020**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**